UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CARGILL, INC.

VERSUS

BRETT MICHAEL CLARK, ET AL.

CIVIL ACTION

NO. 10-487-JJB

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Plaintiff Cargill, Inc.'s ("Cargill") motion for summary judgment (Doc. 13) and a motion to dismiss (Doc. 17) filed by defendants Brett Michael Clark ("Clark"), Clark Farms #2, L.L.C. ("Clark Farms") and Bayou Current Farms, L.L.C. ("BC Farms") (collectively, "defendants"). There is no need for oral argument. Jurisdiction exists under 28 U.S.C. § 1332.

Cargill brings suit to compel arbitration concerning certain grain contracts it entered into with Clark Farms. It also seeks to confirm a default arbitration ruling against Clark Farms and Clark individually. Finally, it asks the Court to pierce the corporate veil of Clark's companies so that the arbitration proceedings may be enforced against Clark personally. Defendants seek dismissal based on preclusion principles from a previous ruling in another action before this Court. For the reasons that follow, the Court grants the motion to compel arbitration, confirms the prior arbitration award, and stays the case pending resolution of the arbitration proceedings. The Court declines to rule on the veil-piercing argument at this time.

1

## I. Background

Between March 2006 and September 2007, Cargill and Defendant Clark Farms #2, L.L.C. ("Clark Farm") allegedly entered into eleven separate contracts for grain. (Purchase Contracts, Doc. 10-1, Ex. A).[1] Each contract form contained a clause stating that any dispute arising out of, or related to the formation of, the contract would be settled by binding arbitration in accordance with the Trade Rules of the National Grain and Feed Association ("NGFA").[2] On July 23, 2008, Cargill filed Civil Action No. 08-460, styled *Cargill, Inc. v. Clark Farm #2, L.L.C.*, in this Court alleging that Clark Farms had failed to fulfill six of the parties'

---

[1] Defendants contest the validity of the contracts. Default judgments have been rendered for nine of the contracts, while two remain to be arbitrated. References to the "contracts" should not be taken to mean this Court has made a determination on the enforceability of the two contracts not yet subjected to arbitration. That determination shall be made in the first instance by the arbitrator.

[2] Ten of the contracts (Nos. 26723, 23767, 27199, 27810, 28137, 28138, 28261, 28262, 28340 & 28341) contained the following arbitration clause:

> The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under this Contract or relating to the formation of this Contract shall be binding arbitration proceedings before the NGFA pursuant to the NGFA Arbitration Rules. The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof.

(*See, e.g.*, Doc. 10-1, p. 8, ¶ 1). The other contract (No. 29473) contained the following arbitration clause:

> The parties agree that the sole forum for resolution of all disagreements or disputes between the parties *arising under any grain contract between Buyer and Seller or relating to the formation of any grain contract between Buyer and Seller* shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules. The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof. . . . In addition to any damages otherwise provided by law, Buyer shall be entitled to recovery of its attorney's fees and costs.

(Doc. 10-1, p. 2, ¶ 1) (emphasis added).

contracts.[3] Soon thereafter, Cargill discovered the arbitration agreements, and on Cargill's motion, the Court remanded Cargill's suit to arbitration ("Arbitration #1"). (No. 08-460, Doc. 19). However, Defendant Brett Michael Clark ("Clark"), Clark Farms' sole member, and Clark Farms refused to appear before the arbitrator, and on August 19, 2009, the NGFA entered default judgment in Cargill's favor in the amount of $165,292.96, plus interest. (Doc. 10, pp. 46-49). That arbitration award against Clark Farms in the amount of $165,262.96 was confirmed by this Court. (No. 08-460, Doc. 31). The Court in that proceeding, however, refused to allow Cargill to plead in Clark himself or BC Farms; instead, the Court permitted Cargill to file a new suit against those parties.

Following Arbitration #1, Cargill brought another arbitration proceeding ("Arbitration #2") against Clark Farms for its alleged failure to fulfill the other five contracts.[4] Again, Clark and Clark Farms refused to appear. On October 23, 2009, the NGFA entered default judgment on three of the contracts[5] in Cargill's favor in the amount of $22,400. (Doc. 10-1, pp. 50-52). However, the NGFA declined to rule on the two other contracts (Nos. 27199[6] & 28340) because they had not been signed and no court had yet determined that the disputes arising out of those contracts were arbitrable. Cargill brought this action on July 27, 2010 to: (1) confirm Arbitration #2; (2) send the two remaining contracts to

---

[3] Nos. 26723, 26767, 27810, 28261, 28341 and 29473.
[4] Nos. 27199, 28137, 28138, 28262 and 28340.
[5] Nos. 28137, 28138, and 28262.
[6] Parties refer to the unsigned contracts as 27199 and 28340. The correct contract numbers of the unsigned contracts are 28340 and 28341. Contract No. 27199 was erroneously submitted to arbitration in unsigned form, even though Cargill has now produced the signed version. However, it has still not been subject to an arbitration award. Another unsigned contract, No. 28341, was arbitrated in Arbitration #1.

3

Case 3:10-cv-00487-JJB -DLD   Document 23   10/18/11   Page 3 of 12

arbitration; and (3) hold BC Farms and Clark himself liable for the debts incurred under auspices of Clark Farms.

Meanwhile, on October 22, 2008—after Cargill filed suit originally but before the arbitrations—Clark decided to cease the operations of Clark Farms. (Clark Depo., Doc. 13-3, pp. 19-21). That same day, Clark formed BC Farms, as its sole member and owner. (Operating Agreement and Articles of Organization of BC Farms, Doc. 13-3, pp. 6-10). Clark also transferred farm equipment from Clark Farms to BC Farms that same day. (Minutes of BC Farms, Doc. 13-3, p. 3; Asset Transfer, Doc. 13-3, pp. 4-5).[7] Clark otherwise continued operations as he had before. Indeed, when asked what he hoped to accomplish by dissolving Clark Farms and forming BC Farms, Clark stated that he wished to avoid fulfilling his contracts with Cargill and "[t]o keep [his] farming business going." (Clark Deposition, Doc. 13-3, pp. 19-21). At the time, Clark Farms had no other debts other than the security interests on the farm equipment (Asset Transfer, Doc. 13-3, pp. 4-5) and the contracts it owed to Cargill (Clark Depo., Doc. 13-3, p. 22).

Clark received annual farm loans to finance his operations. The Cottonport Bank would hold the money, and Clark would forward to the Bank bills and invoices as they came due. (Clark Depo., Doc. 13-3, pp. 25-26). The Bank would then deposit funds into the farm loan account from which Clark would then write a check to cover the bill or invoice. (*Id.*). Clark's records reflect that he

---

[7] While Cargill alleges Clark transferred the assets in order to avoid the liability expected to result from litigation with Cargill, it cites evidence not in the record. Specifically, it cites the October 22, 2008 minutes of Clark Farms, which it asserts is attached to its summary judgment motion as Exhibit C. No such document is contained in the cited portion or, as far as the Court can detect, any other part of the record.

4

would pay farm bills personally and then reimburse himself out of the farm loan account. (*Id.*, pp. 25-34). For example, out of the farm loan account, Clark wrote checks to his wife and for his wife's credit card and car payments, among other things. (*Id.,* pp. 32-34). In addition, Clark maintained accounts with farm supply vendors in his name, rather than Clark Farms or BC Farms. (Agro Distribution Account, Doc. 13-5, Ex. J, p. 10). Finally, Clark took out insurance policies which appear to cover his farm equipment and his farm's liability and may include his and his wife's vehicles. (Clark Depo., Doc. 13-3, pp. 35-38).[8] Clark, however, listed himself and his wife as the insureds (Doc. 13, Ex. K), and on a couple of occasions made payments directly from his personal account (Clark Depo., Doc. 13-3, pp. 38-40).

## II. Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. Rule Civ. P. 56(a). If the issue is one in which the movant bears the burden of proof at trial, the movant must demonstrate the absence of material facts and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). If the movant does so, in order to survive the motion for summary judgment, the nonmovant must show that a genuine issue of material fact remains for the fact-

---

[8] Clark did not disclose the insurance policy specifics during discovery.

5

finder to resolve. *Id.* at 323. A genuine issue of material fact exists only when a reasonable fact-finder could return a verdict in the nonmovant's favor. *Id.* at 248. In either case, the court must construe all facts in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. Discussion

**A. Award in Arbitration #2**

Plaintiff asserts that the Court should confirm the NGFA's award of $22,400 from Arbitration #2 in accordance with the Federal Arbitration Act. It states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected.

9 U.S.C. § 9.

The Court finds that there are no genuine issues of material fact. Contract Nos. 28137, 28138 and 28262 each contain arbitration provisions (Doc. 10, pp. 34-37, 40-41) which state:

> Unless otherwise provided herein, this Contract shall be subject to the Trade Rules of the [NGFA], which Trade Rules are incorporated herein by reference. The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under this Contract or relating to the formation of this Contract shall be binding arbitration proceedings before the NGFA pursuant to NGFA Arbitration Rules. *The decision and award determined by such arbitration shall be final and binding upon both parties and judgment*

6

> *upon the award may be entered in any court having jurisdiction thereof.*

(Doc. 10, ex. A) (emphasis added). On October 23, 2009, the NGFA in Case No. 2407 entered default judgment on those three contracts in Cargill's favor in the amount of $22,400. (Doc. 10, Ex. C, pp. 50-52).

The Court also finds that Cargill is entitled to judgment as a matter of law. If the parties agreed that a specified court should enter judgment pursuant to an arbitration award, the court must do so on a party's application. 9 U.S.C. § 9. Here, the parties stated that any "disputes between the parties arising under [their] Contract" are subject to "final and binding" arbitration and that "any court having jurisdiction"—including this Court—shall enter "judgment upon the award." The dispute over Clark Farm's failure to fulfill its contractual obligations inarguably arose under the contracts, and the NGFA arbitration is inarguably the type of "final and binding" arbitration contemplated by federal law.

The defendants, in their short motion to dismiss under Fed. Rule Civ. P. 12(b)(6), argue that if there is liability in these contracts it was merged into the previous judgment in *Cargill, Inc. v. Clark Farm #2, L.L.C.*, No. 08-cv-460, 2010 WL 2245579 (M.D. La. June 1, 2010). Defendants argue res judicata, now more commonly known as preclusion, applies to bar any further liability or action against Clark Farms. Also, Clark argues he was not a party to these contracts nor did he agree to arbitration and therefore he was not before the arbitration proceeding. The defendants assert that the

7

ruling in the previous case refused to render judgment against Clark as a result of the arbitration proceeding.

In the previous action, there was no judgment against Brett Michael Clark or BC Farms. (*See* Judgment, Doc. 31 in No. 08-460). Cargill attempted to join both Clark and BC Farms, but the motion was denied by the magistrate judge and affirmed by the district judge. (No. 08-460, Docs. 23, 30). The previous action did not include the NGFA's award in Arbitration #2, nor did it involve a request to send to arbitration the contracts at issue in this litigation. The district judge's ruling specifically stated, "If [Cargill] wishes to pursue liability against Brett Michael Clark and Bayou Current Farms, it may do so by filing a lawsuit against those parties." (Doc. 30 in No. 08-460, *available at* 2010 WL 2245579, at *1). The Court reiterated that finding in its conclusion by stating, "The Court reserves to the plaintiff the right to file suit against other parties for recovery of damages relating to this judgment. (*Id.*). Clearly, the prior ruling and judgment of this Court in No. 08-460 does not preclude the action brought in this case. Moreover, defendants cite not a single provision of law—statute or case—which supports their preclusion argument. (*See* Defendants' Memo. in Opp., Doc. 17, pp. 10-18). All defendants claim is that this lawsuit constitutes a second bite at the apple for Cargill. While Cargill certainly does repeat the arguments it made previously, that is precisely what this Court directed it to do when it gave Cargill leave to file a separate suit. Defendants have thus failed to establish the existence of issue preclusion. Similarly, they have made no substantive arguments relating to claim preclusion. Defendants' motion to dismiss based on preclusion thus has no merit.

8

Case 3:10-cv-00487-JJB -DLD   Document 23   10/18/11   Page 8 of 12

Apart from the preclusion arguments raised by the defendants, they have not asserted any other basis on which this Court should decline to confirm the arbitration awards. The Court therefore confirms the NGFA's October 23, 2009 award in Case No. 2407 of $22,400 in favor of Cargill for Clark Farm's breach of Contract Nos. 28137, 28138 and 28262.[9]

### B. Arbitrability of Contract Nos. 27199 & 28340

"The Fifth Circuit has repeatedly emphasized the strong federal policy in favor of arbitration." *Safer v. Nelson Financial Group, Inc.,* 422 F.3d 289, 294 (5th Cir. 2005). When considering a motion to compel arbitration, the court must first "determine whether the parties agreed to arbitrate the dispute in question." *Id.* at 293. In order to make this determination, the court must consider: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* The second thing the court must decide when considering a motion to compel arbitration is "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* at 294. "[C]ourts should not decide questions of procedural arbitrability unless a rational mind could not possibly rule for the party seeking arbitration." *Oil, Chemical and Atomic Workers' Int'l Union, Local 4-477 v. Chevron Chemical Co.*, 815 F.2d 338, 343 (5th Cir. 1987). "[W]hen there are doubts, as in this case, as to whether an issue is arbitrable, they should be resolved in favor of arbitration." *Id.*

---

[9] As the Court in the earlier case refused to enforce the default award in Arbitration #1 against Clark personally, so too does the Court now refuse to enforce Arbitration #2 against Clark personally. To conserve judicial resources, the Court will postpone ruling on the veil-piercing arguments until all of the underlying arbitration proceedings are finally concluded.

9

Cargill asserts that Contract Nos. 27199 and 28340 are subject to arbitration despite that they were not signed[10] by Clark Farms or an individual acting on its behalf. Defendants argue that only written and signed arbitration agreements are enforceable. Plaintiff points to the arbitration provision contained in Contract No. 29473, which states:

> The parties agree that *the sole forum for resolution* of all disagreement of disputes between the parties arising *under any grain contract* between Buyer and Seller *or relating to the formation of any grain contract* between Buyer and Seller *shall be arbitration* proceedings before NGFA.

(Purchase Terms of Contract No. 29473, Doc. 10-1, p. 2, ¶ 1) (emphasis added). This provision of the parties' contract was signed on September 12, 2007 by Clark. This was the last contract in the series of eleven contracts that underlie the overall dispute between the parties. Contract No. 28340 was allegedly entered into on February 14, 2007, but contains no signature evidencing the assent of Clark Farms to the contract. (Doc. 10-1, pp. 30-33). Contract No. 27199 was apparently erroneously filed into the evidentiary record of Arbitration #2 such that it appeared to not have been signed by Clark Farms. (*See* Cargill's Reply Brief, Doc. 20, pp. 18-21). In this proceeding, however, Cargill has apparently corrected that error and attached a signed copy of that contract to its amended complaint. (Contract No. 27199, Doc. 10-1, pp. 42-45). The date on

---

[10] Contract 27199 is signed. In addition to contract no. 28340, contract no. 28341 is the other unsigned contract between Cargill and Clark Farms, but that contract has already been subject to Arbitration #1, and the default arbitration award in that proceeding has already been confirmed by final judgment of this Court in *Cargill, Inc. v. Clark Farm #2, L.L.C.*, No. 08-460-FJP-SCR, 2009 WL 54318 (M.D. La. Jan. 8, 2009) (Polozola, J.).

Clark's signature is December 19, 2006. (*Id.*, p. 44). In other words, both the purported but unsigned Contract No. 28340 and the apparently signed Contract No. 27199 came before Clark signed the all-encompassing arbitration agreement in Contract No. 29473.

Although neither No. 28340 nor No. 27199 contain arbitration provisions like the broad course of dealing clause in No. 29473, both contain arbitration clauses relating to contract formation. Because No. 27199 was signed, it appears that Clark Farms agreed to the arbitration provision contained in the contract itself, and therefore that contract is indisputably subject to arbitration. Moreover, while No. 28340 was not signed and thus appears to have an issue regarding contract formation, Clark Farms has subsequently agreed to arbitrate any grain contract between it and Cargill by entering into Contract No. 29473. While the Court retains some hesitance as to whether the course of dealing language in No. 29473's arbitration provision should apply retroactively to the alleged formation of No. 28340, federal arbitration policy strongly favor arbitration. In accordance with precedent dictating that close questions be resolved by the arbitrator, the Court determines this issue should also be addressed in arbitration.

### C. Liability of Clark and BC Farms for the Default Arbitration Awards Against Clark Farms

Cargill asks the Court to pierce the corporate veils of Clark Farms and BC Farms because they are the alter egos of Clark. This Court has previously held

11

that actions for confirmation of arbitration proceedings are not the proper time to pierce the corporate veil. *See Cargill, Inc. v. Clark Farm #2, L.L.C.*, No. 08-460-FJP, 2010 WL 2245579, at *1 (M.D. La. June 1, 2010) (citing *Orion Shipping & Trading Co., Inc. v. Eastern States Petroleum Corp. of Panama, S.A.*, 312 F.2d 299, 300 (2d Cir. 1963)). The same holds true here. Because this matter shall be stayed pending resolution of the arbitration proceeding, this argument may be re-urged once all arbitration matters have been completed.

### IV. Conclusion; Order

Accordingly, Cargill's Motion for Summary Judgment (Doc. 13) is hereby GRANTED in part and DENIED in part.

The arbitration award rendered by the NGFA in Case No. 2407 on October 23, 2009, in the amount of $23,400.00 in favor of Cargill, Inc. and against Clark Farms #2, L.L.C. is hereby CONFIRMED.

The parties' contract disputes regarding Contract Nos. 27199 and 28340 are hereby SUBMITTED to arbitration by the NGFA.

This matter is hereby STAYED pending resolution of the arbitration proceeding ordered herein.

Signed in Baton Rouge, Louisiana, on October 17, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**