UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CARGILL, INC.

CIVIL ACTION

VERSUS

NO. 10-487-JJB

BRETT MICHAEL CLARK, ET AL.

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

This matter is before the Court on a motion for attorney fees and costs filed by Plaintiff Cargill, Incorporated ("Cargill"). (Doc. 40). Defendants Brett Michael Clark ("Clark"), Clark Farms #2, L.L.C. ("Clark Farms"), and Bayou Current Farms, L.L.C. ("Bayou Farms") (collectively "defendants") have filed an opposition (Doc. 44), to which Cargill has filed a reply. (Doc. 47). Oral argument is unnecessary. Jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons herein, the Court GRANTS Cargill's Motion for Attorney Fees and Costs. (Doc. 40).

I.

On December 7, 2012, this Court granted Cargill's motion for summary judgment and advised Cargill to file a separate motion for costs and attorney fees. (Doc. 39). The history of this litigation was documented in this Court's ruling granting summary judgment and will not be repeated here except to the extent necessary to address the present motion. Between March 2006 and September 2007, Cargill and Clark Farms entered into eleven separate contracts for the purchase of grain, and on July 23, 2008, Cargill filed suit alleging that Clark Farms breached six of the contracts. Pursuant to the arbitration agreements in the contracts, Cargill obtained three separate default judgments against Clark and Clark Farms, which were rendered by the National Grain and Feed Association ("NGFA") and confirmed by this Court. In this Court's ruling

1

granting summary judgment, this Court pierced the corporate veil and found that Clark should be held personally liable for the actions of Clark Farm and Bayou Farms.

In the present motion, Cargill has submitted its records, seeking an order fixing attorney fees and costs in the amount of $47,716.38. (Doc. 40). Cargill asserts that it is entitled to recover this amount because the Purchase Terms of Purchase Contract PORA-G0-29473 provided for the recovery of these fees in connection with disagreements or disputes between the parties arising out of any contract between the buyer and the seller.[1] Cargill contends that it is entitled not only to the fees associated with the current litigation, but also to the fees associated with the previous civil action filed in this Court before the late Judge Polozola, as well as the NGFA arbitration cases, because they are "inextricably intertwined and necessary precursors to the instant action." (Doc. 40-1 at 5).

Under Louisiana law, attorney fees are only permissible "where authorized by statute or contract." *State, Department of Transportation and Development v. Williamson*, 597 So.2d 439, 441 (La. 1992). Here, because the Purchase Terms of Purchase contract PORA-G0-29473 does authorize attorney fees, attorney fees are permissible. When considering attorney fees, courts must assess whether the fees are reasonable. Louisiana courts, in applying the reasonableness requirement from the Louisiana Rules of Professional Conduct, Rule 1.5(a), consider the following factors in determining whether the fees are reasonable:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

---

[1] The Purchase Terms on the reverse side of Purchase Contract PORA-G0-29473, which was one of the eleven contracts, provides in Paragraph 1 that "[i]n addition to any damages otherwise provided by law, Buyer shall be entitled to recovery of its attorney's fees and costs." (Doc. 40, Ex. C).

2

*Id.* at 442. The Fifth Circuit utilizes a "lodestar" method to assess and award attorney fees. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.

*Id.* (internal citations omitted). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases

*Id.* at n.9.

Throughout this litigation, Cargill has been represented by the law firm of Nalley & Dew, APLC. The Court has reviewed the hourly rates and the time expended by each member of the firm and finds the requested fee to be reasonable in light of the circumstances surrounding this litigation. The Court does not find the arguments raised by defense counsel to be persuasive or have merit.[2]

---

[2] Counsel raises a number of arguments, including a rehashing of previous arguments that this Court has already rejected. Essentially, counsel asserts that because Cargill obtained default arbitration awards and was not awarded attorney fees at those times, Cargill should not be permitted to seek attorney fees now. However, as Cargill points out, the arbitration awards unambiguously stated, "This award is not intended to preclude the plaintiff from pursuing an additional award for interest, legal fees or costs in a court of law." (Doc. 7, Ex. 8 at 4) (Doc. 7, Ex. 9 at 3) and (Doc. 24, Ex. 3 at 3). Thus, this argument has no merit.

II.

Cargill is entitled to an award of attorney fees in the amount of $42,856.50 and costs in the amount of $4,859.88.

Signed in Baton Rouge, Louisiana on March 20th, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

Although counsel strenuously objects to the award of attorney fees, counsel agrees that the hourly rates were reasonable, but argues that the time expended by Cargill's counsel is excessive. Counsel arrives at this conclusion by comparing the amount of hours that he expended in this litigation to the amount of hours that Cargill's counsel expended. Counsel suggests to the Court that if the Court chooses to award attorney fees, it should only award fees in the amount that he would be entitled to receive. This argument also has no merit.